## Bryant v. Southwark Realty Company

*Meyer A. Bushman*, for plaintiff.
*Walter J. Timby, Jr.*, for defendants.

GREENBERG, *J.*, May 21, 1979—Before us is a motion by defendants to compel answers to expert witness interrogatories as now required by Pennsylvania Rule of Civil Procedure 4003.5.

In his answer to the motion plaintiff contends, in effect, that the furnishing of the name of his expert[*] at this time might subject that witness to humiliation, harassment and embarrassment and could be harmful to plaintiff since defendants would be given the opportunity of contacting and influencing such witnesses.

This is the first case of this kind to come before us since the new discovery rules became effective and it is for this reason that we are accompanying an order with a brief memorandum.

There is no question that the letter, as well as the spirit of these new rules, calls for disclosure of the information requested by defendants. While plaintiff does not dispute this he argues that disclosure should be postponed "until near the trial date." The difficulty with this is that one of the objectives of the new rules is to facilitate early settlements of cases by making available all relevant information. Certainly in a case involving expert opinions a set-

---

[*]Plaintiff's expert is a professional engineer. However, what we say here could be equally applied to experts in medical malpractice cases.

tlement could not effectively be consummated unless those opinions are available to counsel for the parties. Postponing the disclosure thus would serve to delay settlements.

Balanced against this is the very real problem which plaintiff points out he has in obtaining an expert and the likelihood of future unavailability of such witnesses, if they are harassed or intimidated. This problem can and will be effectively dealt with should the occasion arise. Should there be presented to the court any evidence of an attempt to harass or embarrass an expert witness or to attempt to dissuade the witness from testifying, the court will take prompt and severe action against those responsible. Such conduct would be reprehensible and would border upon an attempt to obstruct justice. It will be dealt with accordingly.

However, we cannot act upon the bare allegation that it may be done or that it has been done in other unrelated cases. Nor would we want to formulate a general rule because of the serious nature and consequences of the allegation of attempts to influence a witness not to appear and testify. We will not enter any order which could be construed as recognizing that this situation may exist unless evidence of it was presented to us.

For these reasons we have granted defendants' motion and have required that the interrogatories be answered.

## ORDER

And now, May 21, 1979, defendants' motion to strike plaintiff's objections to defendants' interrogatories is granted, said objections are stricken and it is ordered that plaintiff file full and complete

answers to interrogatories, including the names of expert witnesses, their background and experience, and the substance of their proposed testimony, within 30 days of the date of this order, or appropriate sanctions will be imposed upon application to the court.